IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AYANNA WHITE | § § § § | PLAINTIFF |
| v. | § § | Civil No. 1:23cv267-HSO-BWR |
| CITY OF GULFPORT, et al. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DISMISSING
PLAINTIFF'S CLAIMS WITHOUT PREJUDICE PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 4(m) and 41(b)**

This matter is before the Court sua sponte for case management purposes after Plaintiff Ayanna White failed to serve Defendants and failed to comply with United States Magistrate Judge Bradley W. Rath's Orders [3], [4]. After due consideration of the record and relevant legal authority, the Court finds that, because Plaintiff has not timely served Defendants with process despite being given multiple extensions of the deadline for doing so, and because Plaintiff has failed to comply with two prior Court Orders [3], [4], her claims against Defendants should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

I.  BACKGROUND

On October 12, 2023, Plaintiff Ayanna White ("Plaintiff" or "White"), filed the Complaint [1] in this case advancing claims against Defendants City of Gulfport, Chris Ryle, Heather Dailey, Tommy Payne, and Clayton Fulks under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and the Americans with

Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117. *See* Compl. [1] at 4. The Complaint [1] alleges that Plaintiff was subjected to unlawful retaliation "as a result of [her] filing a complaint of sex discrimination, sexual harassment, and a sexually hostile environment in the workplace." *Id.* at 6.

On January 9, 2024, 89 days after the Complaint [1] had been filed, Plaintiff filed a Motion [2] for Extension of Time to Serve Process, stating that her health condition "made it impracticable to ascertain legal counsel to effectuate service within the time prescribed by the rules of civil procedure." Mot. [2] at 1. Her Motion [2] was granted and Plaintiff was given until February 11, 2024, to file proof of proper service. *See* Text Only Order, January 12, 2024. On February 14, 2024, three days after her extended deadline passed and 125 days after the Complaint [1] had been filed, the Magistrate Judge entered an Order [3] pursuant to Federal Rule of Civil Procedure 4(m) stating that Plaintiff had "until **February 29, 2024** to properly serve and file proof of proper service on all Defendants. Otherwise, the claims against all unserved Defendants may be dismissed without prejudice and without further notice to Plaintiff." Order [2] at 1 (emphasis in original). That deadline also passed, and Plaintiff did not respond to the Court's Order [3] or take any other action in the case.

On March 5, 2024, the Magistrate Judge entered an Order [4] to Show Cause, requiring Plaintiff to show cause on or before "March 20, 2024 why this Court should not dismiss this case without prejudice because of Plaintiff's failure to prosecute and obey the Court's Order [3] to serve and file proof of service on all

2

Defendants by February 29, 2024." Order [4] at 1-2. The Magistrate Judge warned Plaintiff that if she failed to respond and show good cause by March 20, 2024, "Plaintiff's suit may be dismissed without prejudice and without further notice to Plaintiff." *Id.* at 1.

Despite these warnings, Plaintiff did not respond to the Magistrate Judge's Order [4] to Show Cause by the March 20 deadline. Plaintiff has taken no action in this case since filing her Motion [2] for Extension of Time to Serve Process over two months ago, and she has never filed any proof of service upon Defendants. *See* Mot. [2].

## II.  DISCUSSION

A.  Relevant legal authority

Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The United States Court of Appeals for the Fifth Circuit has held that "[p]roof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). Moreover, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for

noncompliance within the time specified is normally required." *Id.* (quotation omitted).

A court may also dismiss an action sua sponte for failure to prosecute or comply with a court order under Rule 41(b). *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). A court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

When a dismissal without prejudice would effectively serve as a dismissal with prejudice, a court may dismiss if there is "(a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs*, 905 F.3d at 844 (quotation omitted). A plain record of delay or contumacious conduct may generally be found if one of three aggravating factors is also present: "(1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.* (quotation omitted).

B.     <u>Analysis</u>

Plaintiff did not properly serve Defendants within 90 days as required by Rule 4(m) and she did not show good cause for this failure or seek additional time to do so. *See* Fed. R. Civ. P. 4(m). Even though Plaintiff was nevertheless granted multiple extensions of time to properly serve Defendants, she did not comply with

the extended deadlines imposed by the Magistrate Judge or seek additional time to comply. *See id.*; Text Only Order, January 12, 2024; Order [3]. Plaintiff never caused a summons to issue for, nor has she ever served, any Defendant as ordered. Nor has she responded to the Magistrate Judge's Order [4] to Show Cause. Dismissal without prejudice under Rules 4(m) and 41(b) is therefore warranted. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b).

To the extent that dismissal of any of Plaintiff's claims would in effect be a dismissal with prejudice, the Court finds that dismissal remains warranted. *See Griggs*, 905 F.3d at 844. Plaintiff has taken no action in this case other than filing her Complaint [1] over five months ago and filing a Motion [2] for Extension of Time to Serve Process over two months ago. *See id.*; Compl. [1]; Mot. [2]. She has also ignored two Court Orders [3], [4]. This establishes two of the requisite aggravating factors: delay caused by Plaintiff and delay as a result of intentional conduct. *See Griggs*, 905 F.3d at 844. As such the Court finds that there is a clear record of delay and contumacious conduct, and lesser sanctions have not served and would not serve the best interests of justice. *See id.* Under the present circumstances, without sua sponte action by the Court, it appears this civil action will lie perpetually dormant.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the claims of Plaintiff Ayanna White against Defendants City of Gulfport, Chris Ryle, Heather Dailey, Tommy Payne, and Clayton Fulks are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

**SO ORDERED AND ADJUDGED**, this the 27th day of March, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE